[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 11, 1997, this court (Rubinow, J.), rendered judgment on the plaintiff wife's application for contempt citation and other matters. The court determined that the defendant husband was in arrears in payment of child support, and ordered him to make payment on the arrears in the amount of $1,000.00 per month. The defendant appealed all of the court's orders, as well as its order of July 23, 1997 ordering the defendant to pay the plaintiff a sum for attorneys fees to defend the appeal. Although most of the court's orders were upheld on appeal, the court's order that the defendant be required to pay $1,000.00 per month on the arrearage was reversed. Unkelback v. McNary, 244 Conn. 350 (1998). The case is here on remand "for consideration of whether a departure from the [child support] guidelines with respect to the child support arrearage payment is warranted." Id., 377-78.
At the hearing on this matter, each party offered a sworn, current financial affidavit. The plaintiff offered a summary of each party's financial status and a graphic exhibit illustrating the parties' comparative status. Neither party, however, offered any testimony. Following the 1997 trial of this matter, the Supreme Court affirmed the trial court's determination that the defendant received contributions of $514 per week toward his household expenses from his long time companion. Id., 365. Those contributions did not appear on the defendant's October 21, 1998 financial affidavit. His counsel represented that the defendant's companion had ceased contributing to household expenses. but neither party elicited any testimony on the subject. The court is unable to conclude, therefore, that the contributions ceased for a nefarious purpose or simply because of an innocent change in the circumstances of the defendant and his companion. In any event, that sum is not found to be available to the defendant for the purposes of making payment on the arrearage.
The parties stipulated and the court finds that the arrearage as of October 21. 1998 is $17,265.50. The current order of support is $252 per week. The Child Support Guidelines "prescribe that, as a general rule, arrearage payments are to be set at 20 percent of the current weekly support amount." Unkelback v.CT Page 12868McNary, supra, 366-67. Applying that formula would require a payment on the arrearage of $50.40. Id., 369. In addition to using that formula the court may a lump sum in payment of the arrearage or order a deviation from the presumptive 20 percent arrearage figure based upon a finding of a criteria permitting deviation. Regulations of Connecticut State Agencies. Section 46b-215a-4 (a) and 46b-215a-5. The defendant's financial affidavit does not reveal assets from which he could make a lump sum payment without incurring either interest or penalties or both, and there is no testimony to permit a different conclusion. Similarly, there is no evidence upon which the court can make a determination that a deviation can be made from the guidelines recommendations concerning payments on arrearages. The plaintiff's counsel argued persuasively that the equities of the parties' respective position favor the plaintiff. but there is no evidence to support that contention. Moreover, the defendant is entitled to some equitable consideration because of the fact that a substantial amount of the arrearage accumulated during a period when he was paying the full court order of $108 per week, which was later modified retroactively to $252 per week. Id., 353.
The defendant stipulated, and the court orders, the following:
a. The defendant shall pay to the plaintiff the sum of $302.40 per week, including $252 for current support and $50.40 by way of arrearage until his obligation to pay child support has terminated:
b. Thereafter, and until the arrearage has been paid in full, the defendant shall pay the plaintiff the sum of $302.40 per week on account of the remaining arrearage.[1]
Orders shall enter in accordance with the above.
BY THE COURT,
GRUENDEL, J.